# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **J & J Fernandez Ventures, L.P., a California Limited Partnership, and JMJV Management Corporation as General Partner and Tax Matters Partner,** | § | |
| **Plaintiffs,** | § | **Case No. 06-636T** **Judge Lawrence M. Baskir** |
| **v.** | § | |
| **United States of America,** | § | |
| **Defendant.** | § | |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE AND INCORPORATE MEMORANDUM OF LAW

Pursuant to the Rules of the Court of Federal Claims ("RCFC") 42(a), Plaintiffs, J & J Fernandez Ventures, L.P. and JMJV Management Corporation ("Plaintiffs"), request that the Court consolidate *J & J Fernandez Ventures, L.P v. United States*, case no. 06-636T, filed in this Court on September 8, 2006 ("Fernandez III"), for all purposes, including motion for summary judgment, discovery, trial, and appeal with the case styled and numbered *J & J Fernandez Ventures, L.P. v. United States*, case no. 05-26T (Consolidated), filed in this Court on January 7, 2005 ("Fernandez I"). Alternatively, Plaintiffs request the Court to stay Fernandez III until the resolution of Fernandez I. The United States (the

"Government") does not oppose this Motion. In support of this Motion, Plaintiffs will show the Court as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

***FPAAs and Suits Filed***

1. On October 12, 2004, the Internal Revenue Service ("IRS") issued a Notice of Final Partnership Administrative Adjustment ("FPAA") to J & J Fernandez Ventures, L.P. ("J & J") with respect to its 2000 taxable year (the "2000 FPAA").
2. Specifically, the 2000 FPAA adjusted J & J's capital gain on the sale of certain shares of Invitrogen, Inc. ("Invitrogen") stock in 2000 by adjusting J & J's basis in the Invitrogen stock and the tax treatment of certain partnership items arising from certain transactions entered into by J & J and other related entities in 1999.
3. Plaintiffs filed Fernandez I contesting the adjustments made in the 2000 FPAA.
4. On October 13, 2005, the IRS issued to J & J an FPAA with respect to J & J's 2001, 2002 and 2003 taxable years (the "2001-2003 FPAA").

5. Specifically, the 2001-2003 FPAA adjusted J & J's capital gain on the sale of certain shares of Invitrogen stock in 2001, 2002 and 2003, by adjusting J & J's basis in the Invitrogen stock.
6. Plaintiffs filed *J & J Fernandez Ventures, L.P. v. United States*, Case No. 06-26T ("Fernandez II") in this Court on January 9, 2006, contesting the adjustments made in the 2001-2003 FPAA.
7. On April 13, 2006, the IRS issued an FPAA to J & J with respect to J & J's short 1999 taxable year ending on December 16, 1999 (the "1999 FPAA").
8. Specifically, the 1999 FPAA determined, among other things, the tax treatment of certain partnership items arising from certain transactions entered into by J & J and other related entities in 1999. The tax treatment of the partnership items affects J & J and its partners' basis in the Invitrogen stock.
9. Plaintiffs filed Fernandez III in this Court on September 8, 2006, contesting the adjustments made in the 1999 FPAA.

***Plaintiffs' Motion to Consolidate Fernandez I and Fernandez II***

10. On April 28, 2006, Plaintiffs filed Plaintiffs' Unopposed Motion to Consolidate and Incorporate Memorandum of Law, requesting this Court to consolidate Fernandez I and Fernandez II.

11. On June 13, 2006, this Court granted Plaintiffs' motion and consolidated Fernandez II with Fernandez I.

***Issues Presented in All Three Cases***

12. At issue in all three cases is the proper basis in the Invitrogen stock sold from 2000 to 2003 and the proper tax treatment of partnership items arising from certain 1999 transactions. All three cases involve the same underlying transactions: 1) the Fernandez Family Trust's ("FFT's") contribution of certain proceeds from the short-sale of U.S. Treasury securities and the short-sale obligation to J & J in 1999 and 2) the 1999 sale of the 51% interest in J & J by the FFT to the Joseph M. Fernandez Descendants' Trust and the Joan V. Fernandez Descendants' Trust (collectively, the "Descendants' Trusts"). These transactions affected the tax treatment of the following 1999 partnership items: 1) the treatment of the short-sale obligation as a "liability" under I.R.C. § 752; 2) FFT's basis in its limited partnership interest in J & J; 3) the Descendants' Trusts' bases in their limited partnership interests in J & J; and 4) J & J and each partner's basis in the Invitrogen stock. Once the proper tax treatment for these 1999 partnership items is determined, the

amount of gain from sale of the Invitrogen stock is purely a computational matter.

13. Plaintiffs have filed a Motion for Summary Judgment in Fernandez I on the ground that the IRS is barred from adjusting J & J's partnership items arising from the 1999 transactions. Plaintiffs' main argument is that because the IRS failed to timely issue an FPAA for J & J's 1999 tax year and because the IRS issued an FPAA to the wrong J & J partnership, the 1999 partnership items as reported by the partnership return are fixed and cannot be collaterally challenged in any FPAA issued to J & J for any of its subsequent taxable years. Specifically, the basis of the Invitrogen stock would be fixed and the IRS would be barred from adjusting any gains from subsequent sales of the Invitrogen stock.

14. The Court held oral argument on Plaintiffs' Motion for Summary Judgment on June 13, 2006. In the hearing, the Court indicated that a more basic question to the issues raised in Plaintiffs' Motion for Summary Judgment is whether J & J's 1999 tax year is closed.

15. Plaintiffs intend to file a Motion for Summary Judgment in Fernandez III on the grounds that J & J's 1999 tax year is indeed closed.

## ARGUMENT AND AUTHORITIES

16. Pursuant to RCFC 42(a), "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." RCFC 42(a).

17. It is within the Court's "broad discretion" to order consolidation of cases. *See AT & T v. U.S.*, 69 Fed. Cl. 547, 548 (2006) (citation omitted). Two inquiries are required to determine whether consolidation should be granted. *Id*. First, whether "common question of law or facts" exits in both cases. *Id*. Second, whether considerations regarding "the interest of judicial economy" outweigh "the potential for delay, confusion and prejudice that may result from consolidation." *Id*.

18. Here, all three cases involve identical facts arising from the same 1999 transactions. Further, all three cases seek to resolve the same legal issue— the tax treatment of the 1999 transactions which affect J & J's basis in the Invitrogen stock. In addition, the cases affect the

exact same parties—the United States/IRS and J & J and its partners.

19. Furthermore, the 1999 FPAA presents another statute of limitations issue – that is, whether J & J's 1999 tax year is closed – the resolution of which affect Plaintiffs' current Motion for Summary Judgment in Fernandez I pending before this Court.

20. The interest of judicial economy weighs in favor of consolidation and there is no potential delay, confusion or prejudice that may result from doing so.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request the Court to consolidate Fernandez III with Fernandez I for all purposes. Alternatively, Plaintiffs request the Court to stay Fernandez III, until the final resolution of Fernandez I. Plaintiffs request that the Court grant Plaintiffs such additional and further relief to which they may be entitled.

Respectfully submitted,

/s/ M. Todd Welty

M. Todd Welty
Texas Bar No. 00788642
Josh O. Ungerman
Texas Bar No. 20393150

MEADOWS, OWENS, COLLIER,
REED, COUSINS & BLAU, L.L.P.
901 Main St., Ste. 3700
Dallas, TX 75202
(214) 744-3700 Tel.
(214) 747-3732 Fax
twelty@meadowsowens.com
jungerman@meadowsowens.com

ATTORNEYS-IN-CHARGE FOR
PLAINTIFFS
J & J FERNANDEZ VENTURES, L.P.
AND
JMJV MANAGEMENT CORPORATION

November 2, 2006

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 1, 2006, my office contacted Government's Counsel, Christopher Egan, regarding the relief sought in this Motion. Mr. Egan stated that he is not opposed to the relief sought by this Motion. Mr. Egan, does not agree, however, with all of the representations in the motion. In particular, Mr. Egan contests the assertion that the 2000 and 2001-2003 FPAAs adjusted 1999 partnership items, and he contests any indication that the 1999 limitations issue must be resolved before the pending cross motions for summary judgment may be determined.

/s/ M. Todd Welty
M. TODD WELTY

## CERTIFICATE OF SERVICE

I certify that on November 2, 2006, I filed the above motion with the United States Court of Federal Claims ECF electronic filing system which will automatically deliver a copy of this document to Grover Hartt, counsel for Defendant.

/s/ M. Todd Welty
M. TODD WELTY