**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **J&J FERNANDEZ VENTURES, LP,** | § | |
| **JMJV MANAGEMENT CORP.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **NO. 06-636T (Judge Baskir)** |
| **v.** | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

**UNITED STATES' ANSWER**

The United States of America files the following answer to the plaintiffs' complaint:[1]

## I. PLAINTIFFS

1. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1.
2. The United States admits the allegations contained in paragraph 2.
3. The United States admits the allegations in paragraph 3.
4. The United States admits the allegations contained in paragraph 4.

[1] The use of the terms "partnership," "partner," and "partnership interest" in reference to J&J Fernandez does not constitute an admission that the relation of partners exists for federal income tax purposes. Similarly, the use of the terms "sale," "exchange," "contribution," and "assignment," to refer to transactions documented as such does not constitute an admission that those transactions should be so characterized for federal income tax purposes.

5. Paragraph 5 does not require an answer. As noted in footnote one of this answer, use of the term "partner" does not constitute an admission that the partner relationship exists for federal tax purposes.

6. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6.

7. The United States admits that the IRS Service Center in Fresno, California received J&J Fernandez's Form 1065 for the tax year ended December 16, 1999, on April 18, 2000. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7.

8. The United States admits the allegations contained in paragraph 8.

9. The United States admits the allegations contained in paragraph 9.

10. The United States admits the allegations contained in paragraph 10.

11. The United States admits the allegations contained in paragraph 11.

12. The United States admits the allegations contained in paragraph 12.

## III. <u>DEFENDANT</u>

13. The United States admits the allegations contained in paragraph 13.

## IV. <u>STATEMENT OF THE CASE</u>

14. The United States admits the allegations contained in paragraph 14.

15. The United States denies the allegations contained in paragraph 15.

## V. JURISDICTION AND VENUE

16. The United States admits the allegations contained in paragraph 16.
17. The United States denies that the total increase to the Partners' tax liability resulting from the 1999 FPAA's adjustments is limited to $30,000. Nevertheless, assuming that amounts deposited by Joseph and Virginia Tigue may be applied to the Family Trust's tax liability, the United States admits that the combined amount deposited for this case and for Case Nos. 05-26T and 06-27T satisfies section 6226(e)'s deposit requirement.
18. The United States admits the allegations contained in paragraph 18.
19. The United States admits the allegations contained in paragraph 19.

## VI. DESCRIPTION OF TRANSACTIONS

20. The United States denies the allegations contained in paragraph 20.
21. The United States admits that documents purport to reflect that, on December 9, 1999, the Family Trust allegedly borrowed U.S. Treasury securities from a broker and sold the securities. The United States denies any other allegation contained in paragraph 21.

22. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22.

23. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23.

24. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24.

25. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25.

26. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26.

27. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27.

28. The United States denies the allegations contained in paragraph 28.

29. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29.
30. The United States denies the allegations contained in paragraph 30.
31. The United States admits that the IRS received J&J Fernandez's Form 1065 for the year ended December 16, 1999 on April 18, 2000. The United States admits that return reported a 95,287 short-term capital loss. The United States denies any other allegation in paragraph 31.
32. The United States admits that the IRS received JMJV Management Corp.'s 1999 Form 1120S on April 18, 2000. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 32.
33. The United States admits that the IRS received The Fernandez Family Trust's Form 1999 Form 1041 on April 18, 2000. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 33.
34. The United States is presently without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34.
35. The United States admits the allegations contained in paragraph 35.

36. The United States admits the allegations contained in paragraph 36.

## VII. RELIANCE ON TAX PROFESSIONALS

37. The United States denies the allegations in paragraph 37.

38. The United States denies the allegations in paragraph 38.

## VIII. COMMISSIONER'S ALLEGED ERRORS IN THE FPAA

39. The United States incorporates its responses to paragraphs 1 -38 as though fully set forth here.

40-63. The United States denies all allegations in paragraphs 40-63.

## IX. PARTNERSHIP'S ALLEGED CORRECT TREATMENT

64. The United States incorporates its responses to paragraphs 1-63 as though fully set forth here.

65-90. The United States denies all allegations in paragraphs 65-90.

## X. STATUTE OF LIMITATIONS AND TEFRA PROVISIONS

91. The United States incorporates its responses to paragraphs 1-90 as though fully set forth here.

92. The United States denies the allegations in paragraph 92.

93. The United States denies the allegations in paragraph 93.

94. The United States denies the allegations in paragraph 94.

95. The United States denies the allegations in paragraph 95.

## XI. BURDEN OF PROOF

96. The United States denies the allegations in paragraph 96.

Any allegation contained in the Complaint which is not expressly admitted above is hereby denied.

WHEREFORE, Defendant United States of America respectfully prays that this Court will sustain the adjustments set forth in the 1999 FPAA in all respects and deny the relief sought by Plaintiffs in their complaint. The United States also prays for general relief.

Respectfully Submitted:

*/s/ Grover Hart, III*

GROVER HARTT, III
Attorney of Record
Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9721 (Main)
(214) 880-9741 (Fax)
EILEEN J. O'CONNOR
Assistant Attorney General
DAVID D. GUSTAFSON
Chief, Court of Fed. Claims Section
CYNTHIA E. MESSERSMITH
CHRISTOPHER R. EGAN
Of Counsel

Date Signed: November 13, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2006, I electronically filed the foregoing ANSWER with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

M. Todd Welty
901 Main Street, Suite 3700
Dallas, Texas 75202

*/s/ Grover Hartt, III*
GROVER HARTT, III